**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000348
14-MAR-2012
08:24 AM**

NO. CAAP-11-0000348

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TAD A. LING, Plaintiff-Appellant,
v.
DEPARTMENT OF EDUCATION, STATE OF HAWAII,
AND GERALD TERAMAE, Defendants-Appellees,
and
JOHN DOES 1 TO 10 AND JANE DOES 1 TO 10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1969)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Tad A. Ling (Ling) appeals from the Final Judgment (Judgment) filed on April 7, 2011 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment in favor of Defendants-Appellees Department of Education, State of Hawaii and Gerald Teramae, in his official capacity (collectively, the DOE), and Teramae, in his individual capacity (Teramae) as to all claims asserted by Ling. The Judgment incorporates by reference the court's

(1) "Findings of Fact, Conclusions of Law and Order Granting [the DOE's] Amended Motion for Dismissal, or in the

---

[1] The Honorable Virginia Lea Crandall presided.

Alternative, for Summary Judgment, Filed November 23, 2010," filed on March 3, 2011; and

(2) "Findings of Fact, Conclusions of Law and Order Granting [Teramae's] Motion for Dismissal, or in the Alternative, for Summary Judgment Filed December 15, 2010," filed on March 3, 2011.

On appeal, Ling argues that the circuit court erroneously granted "[The DOE's] Amended Motion for Dismissal, or in the Alternative, for Summary Judgment," and "[Teramae's] Motion for Dismissal, or in the Alternative, for Summary Judgment," based on a finding that Ling's claims for IIED were barred by the applicable statutes of limitations.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ling's points of error as follows:

Regardless of when the applicable statutes of limitations began to run, Ling failed to state claims upon which relief could be granted. See Young v. Allstate Ins. Co., 119 Hawai'i 403, 412 & 429, 198 P.3d 666, 675 & 692 (2008) (block quotation format and citation omitted) (stating that a complaint should be dismissed for failure to state a claim if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief" and setting forth the elements of IIED); See Kiehm v. Adams 109 Hawai'i 296, 301, 126 P.3d 339, 344 (2005) ("the appellate court may affirm a lower court's decision on any ground in the record supporting affirmance, even if not cited by the lower court"). Consequently, the circuit court did not err in granting the motions for summary judgment. See Hays v. City and County of Honolulu, 81 Hawai'i 391, 392-93, 917 P.2d 718, 719-20 (1996) (brackets in original, emphasis, block quotation format, and citations omitted) ("[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on April 7, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 14, 2012.

On the briefs:

Venetia K. Carpenter-Asui
for Plaintiff-Appellant.

James E. Halvorson
Claire W.S. Chinn
Deputy Attorneys General
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge